## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL MATHIS | : | Civil Action No.: |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| AMERICAN CREDIT ACCEPTANCE, | : | |
| PAR NORTH AMERICA, | : | |
| JOHN DOE REPO-AGENT 1, | : | |
| JOHN DOE REPO-AGENT 2, | : | |
| Defendants. | : | |

## COMPLAINT

### A.    Jurisdiction and Venue

1.    Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court.  Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

### B.    Parties

3.    Plaintiff, Mr. Jamal Mathis is an adult individual presently residing at the residential dwelling and property located at 1505 N. 23rd Street, Philadelphia, PA  19121.

4.    Plaintiff is a consumer under 1692a(3) and otherwise covered by the FDCPA as consumers and persons pursuant to 1692c and 1692d, respectively.

5.    Defendant AMERICAN CREDIT ACCEPTANCE [hereinafter "ACA"] is a corporation engaged in the business of banking and lending with a registered and regular place of

1

business located at 961 E Main St, Spartanburg, SC 29302, and regularly and at all times relevant herein conduct business in the Commonwealth of Pennsylvania and in Philadelphia County.

6.      Defendant PAR NORTH AMERICA is a corporation regularly engaged in the business of debt collection and automobile repossession in Philadelphia County in the Commonwealth of Pennsylvania, and with principal offices at 12800 N. Meridian Street, Suite 350, Carmel, IN 46032.

7.      Defendant INTERNATIONAL RECOVERY SYSTEMS ("IRS") is a corporation regularly engaged in the business of debt collection and automobile repossession in the Commonwealth of Pennsylvania and in Philadelphia County, and with offices 520 Pusey Avenue, Collingdale, PA 19023.

8.      Defendant JOHN DOE REPO-AGENT 1 is a natural individual and an agent or employee of IRS.

9.      Defendant JOHN DOE REPO-AGENT 2 is a natural individual and an agent or employee of IRS.

10.     At all times relevant hereto, defendants acted by and through their agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

11.     At all times relevant hereto, defendant ACA hired the other defendants and the other defendants acted as ACA's agents at all times relevant.

C.    **Factual Allegations**

    a)      **General Allegations**

2

12.     Plaintiff financed the purchase of the subject 2016 Dodge Charger (VIN: 2C3CDXGJ3GH192016) by and through a consumer finance purchase agreement with defendant ACA.

13.     At all times relevant, plaintiff was employed by Crothall Healthcare as a Surgical Support Technician.

14.     As of 09/19/2025, plaintiff was in default, but had a then present and realistic intention to bring the account current.

**b)     Unlawful Repossession, Assault, Battery, Trespass, Conversion**

15.     Defendant ACA hired defendant PNA to arrange for the repossession of the subject vehicle.

16.     Defendant PNA hired defendant IRS to repossess the subject vehicle.

17.     Defendant IRS assigned the subject repossession to defendants JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2.

18.     On or about 09/19/2025, plaintiff was visiting his wife, Davonnia Scott, at 1505 N. 23rd Street, Philadelphia, PA and the vehicle was parked in a parking lot adjacent thereto.

19.     On or about 09/19/2025, at approximately 3:00 am, plaintiff heard a two truck driving back and forth and then backing up on the street.

20.     Plaintiff went to the vehicle and got inside with the intention of objecting to and preventing any repossession.

21.     Defendants JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2 entered the parking lot with a tow truck and parked the two truck up against and blocked plaintiff and his vehicle from leaving the parking spot or parking lot.

22.     Plaintiff identified himself to defendants JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2 and told them that he was objecting to any repossession and for them to stop and go away.

23.     Defendants JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2 proceeded to yell and curse at plaintiff, bang on the vehicle, and threaten him with physical harm.

24.     Defendants JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2 proceeded to hook up the vehicle with plaintiff inside.

25.     Defendants JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2 proceeded to threaten plaintiff to call the police.

26.     Defendants JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2 then proceeded to call the police.

27.     Upon information and belief, when the police arrived the repo agents gave a false report to the police that they had a present right of possession to the vehicle.

28.     Upon information and belief, when the police arrived the repo agents gave a false report to the police that they had a possession of the vehicle before plaintiff intervened and objected.

29.     Defendants' actions risked a life-threatening physical confrontation, which any number of neighbors could have joined, reasonably and foreseeably, to protect their neighbor, friend and community, thereby endangering plaintiff, plaintiff's wife, who was also present, defendants, and the neighbors and others passing or driving by the premises.

30.     Defendants JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2

used the police to effectuate the repossession.

31.     At the time the aforementioned defendants PNA, IRS, JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2 engaged in the collection and repossession activities described herein, defendants were debt collectors as defined by 15 U.S.C. §1692a(6) insofar as:

    a)     Each defendant uses a tow vehicle as an instrumentality of interstate commerce in its business the principal purpose of which is the enforcement of security interest.

    b)     Each, by their respective actions in breaching the peace to effectuate a repossession, lost any present right to the collateral securing Plaintiff's debt.

32.     Throughout the collection process described above, and as a direct and proximate result of the actions of defendants in harassing, oppressing, and abusing Plaintiff, Plaintiff suffered actual damages in the form of interference with their property rights, physical injuries, emotional distress, anxiety, embarrassment, fear, and sleeplessness, among other negative emotions.

33.     The actions of defendants as before described were performed by their respective agents, officers, and employees within the scope of their actual or apparent authority.

34.     Non-judicial repossessions involve well and long recognized inherent, special and peculiar risks of physical confrontation, including the real and present risk of death or injury, to everyone involved in or around the repossession including the agents, debtor, family, neighbors and bystanders, even if said repossessions are performed in the prescribed manner in accordance with the law.

35.    It is well and long recognized that the mode and manner by which non-judicial repossessions are assigned and effectuated may increase significantly the risk of escalation and physical confrontation and resulting death or injury.

36.    According to a recent report issued from the National Consumer Law Center, entitled Repo Madness: How Automobile Repossessions Endanger Owners, Agents and The Public, self-help or non-judicial repossessions are inherently dangerous and involve the risk of violent confrontation.   Dozens of consumers, repossession agents and bystanders have been killed, injured or traumatized in self-help repossessions done under state laws that allow automobile dealers and lenders to take cars without court action or the involvement of law enforcement.   Pistols, rifles, shotguns, knives, fists and automobiles are frequently wielded as weapons in confrontations arising out of self-help repossessions.   Since Jan. 1, 2007, those confrontations have resulted in at least six deaths, dozens of injuries and arrests and uncounted traumas.   The report is available on the NCLC auto page:

 http://www.consumerlaw.org/issues/auto/index.shtml

### c)    Additional Allegations

37.    Pursuant to 13 Pa.C.S.A. 9609 and 12 P.S. § 6228(3)&(4) ACA, PNA, and IRS are responsible and liable for all of their repossessors' conduct.

38.    Anyone involved in a repossession, including hiring a repossessor, must be a licensed Debt Collector-Repossessor.  12 Pa.C.S.A. §§ 6202 & 6211(a)(3).

39.    Plaintiff advised defendant ACA of the repossession misconduct and said defendant told plaintiff that that was between him and the repossessors.

40.    Upon information and belief, defendant ACA paid defendant PNA for its service

despite explicit notice of the subject misconduct.

41.    Upon information and belief, defendant PNA received and retained payment for its service despite explicit notice of the subject misconduct.

42.    Upon information and belief, defendant PNA paid defendant IRS for its service despite explicit notice of the subject misconduct.

43.    Upon information and belief, defendant IRS received and retained payment for its service despite explicit notice of the subject misconduct.

44.    Upon information and belief, defendant IRS paid defendants JOHN-DOE REPO-AGENTS 1 and 2 despite explicit notice of the subject misconduct.

45.    Upon information and belief, defendants JOHN-DOE REPO-AGENTS 1 and 2 received and retained payment for their service despite notice of the subject misconduct.

**D.    Causes of Action**

<u>COUNT I</u>
**Violations of the FDCPA**
**(Plaintiff v. ALL DEFENDANTS EXCEPT ACA)**

46.    Plaintiff incorporates all of the facts and allegations set forth in this Complaint.

47.    Plaintiff was a "consumer" under the FDCPA.  15 USC § 1692a(3).

48.    At all times relevant hereto, plaintiff constituted a "person" and fell within the scope and protections of the FDCPA, including protection from any conduct the natural consequence of which is to harass, oppress or abuse and/or which arises out of any unlawful repossession.

49.    At all times relevant hereto Defendants IRS, JOHN DEO REPO-REPO AGENT 1 and JOHN DOE REPO-AGENT 2 were attempting to collect an alleged debt to which was

7

incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

50.    At the time of the subject unlawful repossession, defendants had lost their then present right of possession, if any, as a result of the above-described breaches of the peace, including cursing, yelling at, threatening, and assaulting plaintiff, making false statements to and using the police, and taking of the vehicle over plaintiff's objections, the use of the police, and the defiant trespass.

51.    The aforesaid Defendants, by their conduct as described above, violated the FDCPA as follows:

a)    §1692d, engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person;

c)    §1692e(7), engaged in conduct to disgrace the debtor by communicating with third-parties concerning the debt;

d)    §1692f, by unfairly and unconscionably collecting or attempting to collect the debt by its actions described above and below;

e)    § 1692d(1), used or threatened the use of violence or other criminal means to harm the consumer or his/her property;

f)    § 1692d(2), used profane language or other abusive language;

g)    § 1692e(5), threatened to take any action that cannot legally be taken or that is not intended to be taken;

h)    § 1692e(10), used any false representation or deceptive means to collect a debt or obtain information about a consumer;

i)      § 1692f(6)(a), took or threatened to unlawfully repossess or disable the consumer's property without right;

j)      § 1692b(2) Contact of Third Party: Stated that the consumer owes any debt;

k)      § 1692c(B) With anyone except consumer, consumer's attorney, or credit bureau concerning the debt;

l)      § 1692e(7) Consumer committed any crime or other conduct in order to disgrace the consumer;

m)      § 1692f(1) Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

52.      As a result of the above violations and misconduct, Plaintiff suffered ascertainable loss in the use and value of the vehicle, damage to his credit rating and credit reputation, loss of his job and income, invasion and interference with his real and personal property rights and use, entitling him to an award of statutory, actual and punitive damages and attorney's fees and costs.

**COUNT II**
**Violation of U.C.C.**
**(Plaintiff v. ACA, PNA, IRS, JOHN**
**DOE REPO-AGENT 1 AND JOHN DOE REPO-AGENT 2)**

53.      Plaintiff incorporates all facts and allegations set forth in this Complaint.

54.      The "repossession" of the subject vehicle by defendants which is collateral for the debt falls within the definition of "consumer goods" contained in 13 Pa. C.S.A. § 9102. The transaction in question was a consumer-goods transaction in that Plaintiff owed the obligation primarily for personal, family or household purposes, and the collateral was consumer goods.

55.      Plaintiff fell within the scope and protections afforded by the UCC from unlawful

9

repossessions.

56.     Pursuant to the UCC Section 9609, a non-judicial (self-help) repossession – without a Court Order – may only be effectuated where there is a default, an enforceable contract, and without breaching the peace.

57.     Defendants ACA, PNA, IRS, JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2 violated the provisions of Article 9, Part 6 of the U.C.C., including, but not limited to committing a breach of the peace in the repossession of the subject Vehicle in violation of 13 Pa. C.S.A. § 9609(b)(2) by:

a)     Harassing, oppressive and abusive behavior described above such as impersonating law enforcement and threatening arrest which is an affront to public order;

b)     Threatening to and in fact physically assaulting and battering Plaintiff Sagona;

c)     Threatening to and in fact damaging the subject vehicle;

d)     Damaging the garage on the property;

e)     Refusing to stop and leave;

f)     Using profanity;

g)     Using the police to effectuate the repossession;

h)     Making a false report to the police.

58.     None of the Defendants possessed a valid and then present right of possession at the time of the attempted or effectuated repossessions.

59.     These U.C.C. violations caused Plaintiff actual damages as set forth above and below and extreme emotional distress and, in additional and/or in the alternative, statutory

damages under 13 Pa. C.S.A. § 9625.

## COUNT III
## BREACH OF CONTRACT
### (Plaintiff v. ACA)

60.     Plaintiff incorporates all facts and allegations set forth in this Complaint.

61.     Pursuant to information and belief, the subject financing agreement contained provisions prohibiting the repossession of the subject vehicle involving a breach of the peace.

62.     Plaintiff does not have and/or cannot locate a copy of the subject financing agreement at this time.

63.     The subject contract was a standardized form agreement, a copy of which was and must be contained in Defendant ACA's records.

64.     Defendant ACA's agents' breach of the peace constituted a breach of the subject contract.

65.     Because ACA by and through its agents breached the peace and subject contract, they lost the then present right of possession under the strict terms of the subject contract.

66.     As a result of the aforementioned breach, Plaintiff suffered the injuries and damages set forth more fully above and below.


## COUNT IV
## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT(FCEUA)
## 73 P.S. § 2270.1 et. seq.
## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER
## PROTECTION LAW (UTPCPL)
## 73 P.S. § 201-1 et. seq.
### (Plaintiff v. ACA, PNA, IRS, JOHN
### DOE REPO-AGENT 1 AND JOHN DOE REPO-AGENT 2)

67.     Plaintiff incorporates all facts and allegations set forth in this Complaint.

68.     Defendant ACA is a "creditor" and Defendants PNA, IRS, JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2 are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

69.     Plaintiff is "consumers" as defined by 73 P.S. § 2270.3 of the FCUEA.

70.     Plaintiff fell within the scope of the protections of the FCUEA, FDCPA and UCC from unlawful repossessions and harassing, oppressive and abusive behavior.

71.     Insofar above described breaches of the peace by terminated their present right of possession of the vehicle as collateral, then Defendants had no right to the vehicle's possession insofar as the neither the RISC nor the UCC nor the finance agreement permits non-judicial repossession of the vehicle in breach of the peace.

72.     Insofar as the aforesaid breaches of the peace described above terminated its present right of possession of the vehicle as collateral, then ACA, PNA, IRS, JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2 had no right to its possession insofar as the purchase contract does not allow repossession of the vehicle in breach of the peace.

73.     All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

74.     The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

        a)  Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

b) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

c) Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt;

d) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

e) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

f) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader;

g) The false representation of the character, amount or legal status of any debt;

h) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, attachment or sale of any property of any person unless such action is lawful and the creditor intends to take such action;

i) The threat to take any action that cannot legally be taken or that is not intended to be taken;

j) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer;

k) The collection of any amount, including any interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

l) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if: (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest.

m) Attempting to collect any amount not authorized by agreement or permitted by law.

75.    Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

76.    As a result of the above violations of the FCUEA and UTPCPL, Plaintiff suffered ascertainable loss in the use and value of the vehicle, damage to his credit ratings and credit reputations, loss of his job and income, invasion and interference with his real and personal property rights and use, entitling him to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT V
### Assault and Battery
**(Plaintiff v. ACA, PNA, IRS, JOHN DOE**
**REPO-AGENT 1 and JOHN DOE REPO-AGENT 2)**

77.    Plaintiff incorporates all facts and allegations set forth in this Complaint.

78.    The assault and battery committed by the Defendants ACA, PNA, IRS, JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2 more fully described above put the Plaintiff in immediate fear his physical safety and well-being.

79.    The assault and battery was unprovoked and in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

80.    The assault and battery was without consent, right, or justification.

81.     As a result of the assault and battery, Plaintiff suffered severe emotional distress, including loss of sleep, loss of appetite, fear, nightmares, and upset stomach.

### COUNT VI
### Negligence
### (Plaintiff v. ACA, PNA, IRS, JOHN DOE
### REPO-AGENT 1 and JOHN DOE REPO-AGENT 2)

82.     Plaintiff incorporates all facts and allegations set forth in this Complaint.

83.     Non-judicial repossessions are inherently dangerous and include the foreseeable risk of confrontation, violence and tortious acts.

84.     Defendant ACA had a non-delegable duty to guarantee and ensure that any non-judicial repossession would be effectuated in accordance with the law and without a breach of the peace.

85.     In order to fulfill its non-delegable duty to guarantee and ensure that any non-judicial repossessions were effectuated in accordance with the law and without a breach of the peace, had a duty to exercise reasonable care in the hiring, training, supervision, and use of repossession agencies and agents.

86.     Defendant IRS, as employer and principal of defendants JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2, had a duty of reasonable care in the hiring, training and supervising defendantS with respect to their repossession activities.

87.     Defendants JOHN DOE REPO-AGENT 1 and JOHN DOE REPO-AGENT 2 had a duty to use reasonable care in the hiring, training, and supervision of its repossession agents so that they would act in accordance with all applicable laws, and with due regard for the rights, health and safety of the public with whom they would interact on behalf of their employers.

88.     Defendants breached their duty of care in their hiring, training and supervision of

15

the agents used to perform non-judicial repossessions.

89.    Defendants' agents breached their duty of care in effectuating repossessions in accordance with the applicable laws and standards.

90.    Defendants breached their duty and were negligent in the following manner;

a)    Failing to investigate or obtain adequate assurance that all agencies and agents were certified by a reputable organization;

b)    Failing to investigate or obtain adequate assurance that all agencies and agents knew, understood and operated according to the applicable laws, including the law against breaching the peace;

c)    Failing to investigate or obtain adequate assurance that all agents received adequate training and were subject to adequate supervision;

d)    Failing to investigate or obtain adequate assurance that all agencies and agents employed adequate recordkeeping procedures;

e)    Failing to investigate or obtain adequate assurance that all agencies and agents had adequate written guidelines for the performance of their jobs and for effectuating repossessions;

f)    Failing to have adequate written guidelines regarding how repossessions must be effectuated to avoid breaches of the peace.

g)    Failing to investigate or obtain adequate assurance that all agents were certified by a reputable organization;

h)    Failing to employ proper recordkeeping polices and practices;

i)    Failing to have adequate written guidelines regarding how repossessions

must be effectuated to avoid breaches of the peace;

j)    Failing to have adequate knowledge of the law and regulations related to self-help or non-judicial repossessions, including not breaching the peace, and consumer rights to resist.

k)    Failing to adhere to the laws and regulations requiring non-judicial repossessions may only be effectuated without a breach of the peace, and without conflict or objection.

91.    Defendants do not now and have never investigated or obtained adequate assurance of any of the following:

a)    that any of its repossession services or agents is certified;

b)    that any of its repossession services or agents understands the laws and regulations related to self-help repossessions;

c)    that any of its repossession services or agents understands what is and is not a breach of the peace;

d)    its repossession services' and agents' standard policies and practices for effectuating self-help repossessions;

e)    its repossession services' and agents' criminal backgrounds;

f)    whether its repossession services or agents carry weapons while performing self-help repossessions;

g)    its repossession services' and agents' record keeping policies and practices, especially related to consumer objections and/or confrontations;

h)    its repossession services' and agents' policies and practices related to

17

consumer objections and demands to stop the self-help repossession;

    i)    its repossession services' and agents' policies and practices related to using police to effectuate self-help repossessions.

92.    Defendants do not now and have never provided its repossessions services or agents with any training, instruction, guidelines (written or otherwise) on how to effectuate self-help repossessions, including any information regarding the laws applicable to self-help repossessions, what a breach of the peace is, consumer rights to object and demand a stop to the repossession, using the police to effectuate the repossession, yelling at or insulting consumers, recording the circumstances of any consumer objections or confrontations, and/or regarding what to do or not to do during a self-help repossession.

93.    The Plaintiff, as owner and possessor of the subject vehicle, was owed the duty of proper hiring, training and/or supervision.

94.    Defendants' compensation, training and/or supervision of the defendant repossession agents encouraged the defendant repossession agents to breach the peace in furtherance of their repossession activities, by, among other things, ignoring consumer objections or instructions to stop and/or using police officers to effectuate repossessions.

95.    The aforesaid compensation, hiring, training and supervision encouraged negligent, conduct, and was in complete disregard for the health, safety and rights of persons, including the Plaintiff; therefore, the acts were negligent.

96.    As a direct result of the aforesaid breach of duty, Plaintiff suffered the injuries and damages set forth more fully above and below.

## COUNT VII
**Trespass**

18

**(Plaintiff v. ACA, PNA, IRS, JOHN DOE
REPO-AGENT 1 and JOHN DOE REPO-AGENT 2)**

97.     Plaintiff incorporates all facts and allegations set forth elsewhere in this Complaint.

98.     Defendants intentionally and voluntarily interfered with Plaintiff's ownership and use of their personal property and intentionally and voluntarily refused to return said property, and with notice and objection that the trespass was forbidden.

99.     Plaintiff owned the subject personal property and were the only ones with a present enforceable right of possession.

100.    Defendants trespassed without right or privilege.

101.    The acts of Defendants were malicious, wanton and reckless.

102.    As a direct result of the aforesaid acts of Defendants, the Plaintiff suffered the emotional distress and other damages outlined above and below.

103.    Plaintiff's wife rented the subject location and had the right to exclude defendants from the property.

104.    Defendants refused to leave the property despite repeated demands to do so by plaintiff and his wife.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.  Declaratory judgment that the noted defendants' conduct violated the FDCPA, UTPCPL, UCC and FCEUA.

B.  Statutory damages pursuant to 15 U.S.C. § 1692k;

C.  Actual damages for physical injury, fear, and emotional distress, medical

expenses, and damages to credit ratings and credit reputations;

D.  Reasonable attorney fees and costs.

E.  Damages under the U.C.C. as described herein;

F.  Actual damages for loss of the use and value of the vehicle;

G.  Treble damages and counsel fees pursuant to the FCEAU and UDAP.

H.  Punitive damages.

## TRIAL BY JURY

128.    Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const.

amend. 7. Fed. R. Civ. Pro. 38.


**Dated: _____**

                                    **BENSLEY LAW OFFICES, LLC**
                                    **Attorney for Plaintiff**
                                    **By:  William C. Bensley, Esquire**
                                    **Pa. Id. No. 79953**
                                    **1500 Walnut Street, Suite 900**
                                    **Philadelphia, PA 19102**
                                    **(267) 322-4000**

<u>Certificate of Service</u>

     I, WILLIAM C. BENSLEY, counsel for Plaintiff, hereby certify that I filed the foregoing electronically and that all parties who have entered appearances have been served via ECF email. All other parties have been served by first-class mail.

Dated: January 10, 2026               <u>/s/ WILLIAM C. BENSLEY</u>